IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

BOBBY LEE FAIR JR,,

    Plaintiff,

v.                                                CASE NO. 5:16-cv-70-MW-GRJ

FLORIDA ASSERTIVE
COMMUNITY TREATMENT, et al.,

    Defendants.

_____/

## REPORT AND RECOMMENDATION

Pending before the Court is Plaintiff's amended *pro se* complaint filed pursuant to 42 U.S.C. § 1983.  (ECF No. 10.)  Although Plaintiff's claims generally center around his treatment with Florida Assertive Community Treatment, or "FACT," Plaintiff has included additional claims against FACT and FACT staff members in his amended complaint.  For the reasons discussed below, the undersigned recommends that Plaintiff's claims for breach of a contract be dismissed for lack of subject matter jurisdiction.  Because he is proceeding *pro se*, Plaintiff will be given the opportunity to amend his claims for a violation of the Thirteenth Amendment, a violation of the Fourth Amendment, and his claim for false

imprisonment pursuant to the Baker Act.

## I. PLAINTIFF'S ALLEGATIONS

Plaintiff claims that he lived in Illinois for several years, which he says is his home. He decided to visit his family in Panama City, Florida. During this visit he experienced constant pain due to a bullet in his back and broken teeth. He claims that the pain caused him to "commit a felonious act."[1]

Plaintiff claims that Judge M. C. Overstreet sentenced him to probation and ordered that he live in Garden View ALF, in Panama City, Florida. He says that this is when the FACT team began their "experimental" treatment of him.

Plaintiff alleges that Beverly Brown saw the staff using him to work for free, but failed to "do anything about it." He claims that Garrett Sloan "made a lackadaisical effort to find a job for [him]," but that FACT did not attempt to have Plaintiff move to independent living as provided for in the contract.

---

[1] The Court takes judicial notice of Plaintiff's criminal case and conviction. Plaintiff was charged with Battery on a Facility Employee with Fluids, pursuant to Fla. Stat. § 784.078, in March of 2012. He entered a plea of no contest in August of 2012 and was sentenced to five years of probation with the possibility of early termination after three years if all conditions were met without violations. Part of his sentencing included the provision that he live at Garden View Facility. He was ordered to attend all future life management appointments. *See State of Florida v. Bobby Lee Fair*, Case No. 12000812CFMA (Fla. Bay County Ct. 2012).

Plaintiff claims that he was then falsely Baker Acted, and was returned to treatment with Ms. Brown, Ms. Barker, Mr. Sloan, and Ms. Beamer. He says that they created an unfair living situation. Plaintiff paid one half or more of the living expenses for an apartment but only used one fourth of the resources. He also claims that the Defendants did not pay the subsidies as promised in his contract with FACT. He further alleges that Defendants failed to obtain a court hearing that was required for the statutory violations against him at Garden View. He claims that this resulted in him going back to Chattahoochee for additional treatment. Plaintiff states that he lived first at the assisted living facility, then at Russ Lake Apartments.

Plaintiff purports to raise several claims against Defendants based on these allegations. First, he claims that the FACT team assisted Garden View in violating his Thirteenth Amendment rights to be free from involuntary servitude by forcing him to work without pay. Second, he claims that "Donna Beamer used her insecurities [sic] to demand a violation of my [Fourth] Am[]endment right to be safe in my own home without search by police." Finally, he claims that the Resident bill of rights, Fla. Stat. § 429.28, caused him to be falsely incarcerated for more than a year. Plaintiff seeks $252,000 in compensatory damages and a formal

apology in writing.

## II. STANDARD OF REVIEW

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that an act or omission committed by a person acting under color of state law deprived him of a right, privilege, or immunity secured by the Constitution or laws of the United States. *Hale v. Tallapoosa County*, 50 F.3d 1579, 1582 (11th Cir.1995). If a litigant cannot satisfy these requirements, or fails to provide factual allegations in support of the claims, then the complaint is subject to dismissal. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (noting that "[f]actual allegations must be enough to raise a right to relief above the speculative level," and complaint "must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action"); *Ashcroft v. Iqbal*, 556 U.S. 662, 684 (2009) (*Twombly* "expounded the pleading standard for all civil actions," and conclusory allegations that "amount to nothing more than a formulaic recitation of the elements of a constitutional . . . claim" are "not entitled to be assumed true," and, to escape dismissal, complaint must allege facts sufficient to move claims "across the line from conceivable to plausible.").

A *pro se* litigant's allegations are entitled to the benefit of liberal

construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, a court does not have "license . . . to rewrite an otherwise deficient pleading [by a pro se litigant] in order to sustain an action." *GJR Investments v. County of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir.1998)(*overruled on other grounds* by *Iqbal*).

### III. DISCUSSION

The Court is required to conduct an initial screening of a *pro se* complaint to determine whether the action: (1) is frivolous or malicious or fails to state a claim on which relief may be granted, or (2) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e). A court may, at any time, raise the issue of subject matter jurisdiction *sua sponte* when doubt about jurisdiction arises. *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 506 (2006).

Plaintiff's primary claim against FACT and its staff members is that they violated the contract that he entered into with them. He says these violations include forcing him to pay more than his share for his apartment, refusing to provide promised subsidies, failing to help him move to independent living, and failing to provide a court hearing for the statutory violations he incurred at Garden View.

As the Court explained previously, a contractual dispute between Plaintiff and a Florida-based organization does not give rise to a civil rights claim and does not confer federal question jurisdiction upon this Court. Plaintiff must establish the existence of diversity jurisdiction, pursuant to 28 U.S.C. § 1332(a), for this Court to entertain his claims. Diversity jurisdiction requires that the matter in controversy exceeds the sum or value of $75,000 and be between citizens of different states. 28 U.S.C. § 1332(a). Furthermore, to establish diversity jurisdiction, "every plaintiff must be diverse from every defendant." *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998).

In an attempt to establish diversity jurisdiction, Plaintiff states in his Amended Complaint that although he currently lives in Florida, he previously lived in Illinois for several years and considers it his home. Several other filings by Plaintiff assert the same—that Plaintiff came to Florida as a visitor and he considers himself a resident of Illinois.

For the purposes of diversity jurisdiction, citizenship is the same thing as domicile. *Stine v. Moore*, 213 F.2d 446, 447 (5th Cir. 1954). Domicile means the "place where a man has his true, fixed, and permanent home and principal establishment, and to which he has the intention of returning whenever he is absent therefrom." *Id*. at 448. Domicile, for the purposes

of diversity jurisdiction, is assessed at the time the suit is filed. *Smith v. Sperling*, 354 U.S. 91, 93 (1957). If a party moves afterwards, the Court's jurisdiction does not change. *Id*. at 93. Several objective factors can be used to establish domicile, including location of employment, home ownership and ownership of other real property, location of household furnishings, registration and title of automobiles, receiving mail, and establishing membership in local organizations. *See Hendry v. Masonite Corporation*, 455 F.2d 955, 956 (5th Cir. 1972).

Regardless of Plaintiff's feelings about his true citizenship, it is evident that for purposes of diversity jurisdiction, Plaintiff is a citizen of Florida. Plaintiff has lived in Florida at least since 2012, and although he claims he came to Florida as a visitor, he has resided at two Florida addresses— Garden View ALF and Russ Lake Apartments—since that date. His residence is in Florida, he is participating in a treatment program in Florida, and he receives mail in Florida. Therefore, there is no question that Plaintiff was a citizen of Florida at the time he filed this lawsuit.

Because Plaintiff is a citizen of Florida, he cannot establish that he is diverse from each of the Defendants. The individual Defendants are residents of Florida, and FACT is a treatment program provided by the

Florida Department of Children and Families.[2] Accordingly, this Court lacks subject matter jurisdiction over Plaintiff's claims regarding his contractual dispute with FACT and FACT staff—including his allegations that they made him pay too much for his residence, that they refused to pay promised subsidies, that they failed to help him assimilate into an independent living situation, and that they did not obtain a court hearing on his alleged violations while living at Garden View. These claims against FACT and FACT staff are due to be dismissed because this Court does not have subject matter jurisdiction regarding these claims.

Although Plaintiff's Amended Complaint primarily focuses upon the alleged breach of contract by FACT, he has included new claims in his Amended Complaint that purport to allege constitutional violations. While Plaintiff claims that his constitutional rights have been violate Plaintiff's Amended Complaint is scarce on any factual allegations supporting these constitutional claims. In view of Plaintiff's *pro se* status, however, he will be given the opportunity to submit an amended complaint within thirty days of the order ruling on this recommendation.

The first constitutional claim Plaintiff advances is his claim that FACT

---

[2] *See* http://myflfamilies.com/service-programs/mental-health/treatment.

"assisted Garden View" in violating his Thirteenth Amendment rights. The Thirteenth Amendment prohibits both slavery and involuntary servitude, except as punishment for a crime when the party has been duly convicted. U.S. Const., amend. XIII, § 1. This standard, however, is not "so rigorous as to prohibit all forms of labor that one person is compelled to perform for the benefit of another." *Immediato v. Rye Neck School District*, 73 F.3d 454, 458-59 (2d Cir. 1996). Rather, it is a matter of degree. *Id.* The constitutionality of forced labor depends on the nature and the amount of the work demanded, and the purpose for which it is required. *Id.* (discussing the standard adopted in *Jobson v. Henne*, 355 F.2d 129, 132 (2d Cir. 1966)).

Many forms of unpaid labor exist today and have been upheld as constitutional, even when the consequences of not performing that duty are "exceedingly bad." *Watson v. Graves*, 909 F.2d 1549, 1552 (5 th Cir. 1990). Some examples of this "mandatory unpaid labor" are *pro bono* requirements for attorneys, mandatory community service requirements for high schoolers, military service, jury duty, and upkeep of public roads. *See Immediato*, 73 F.3d at 458-59 (discussing instances of unpaid labor that are not violations of the Thirteenth Amendment). Courts, however, recognize that some programs, including those used by institutions

housing civilly committed individuals, may be excessive and may result in violations of the Thirteenth Amendment. *Jobson*, 355 F.2d at 132.

Here, Plaintiff claims that Beverly Brown, a FACT counselor, "saw the staff using me to work for free, but didn't do anything about it." The Court understands this allegation to mean that Garden View forced Plaintiff to work without paying him, and a FACT counselor saw this happening and did nothing to stop it. To the extent Plaintiff attempts to hold Beverly Brown liable for observing alleged unconstitutional acts of Garden View and failing to act, Beverly Brown cannot be liable under § 1983 simply for seeing a constitutional violation occur and not intervening. Liability under § 1983 only attaches upon personal participation in the alleged constitutional violation. *Cottone v. Jenne*, 326 F.3d 1352, 1360 (11th Cir. 2003).

Plaintiff's claim, however, is poorly developed and barely contains any factual allegations to support his alleged constitutional violation. At this time, it is unclear whether any work that Plaintiff was forced to perform would rise to the level of a constitutional violation.

Accordingly, Plaintiff will be directed to amend his claim to include factual allegations regarding the nature of the work performed, the amount of work demanded, and for whom he performed the work. If Plaintiff performed this work for an individual at Garden View, he should list this

individual as a Defendant.[3]

Plaintiff's next claim is that Donna Beamer "used her insecurities to demand a violation of my [Fourth] Am[]endment right to be safe in my own home without search by police." While the Fourth Amendment does protect an individual's right to privacy, Plaintiff provides no factual support for this claim and merely makes the conclusory statement that Donna Beamer violated his Fourth Amendment rights. In his amended complaint, Plaintiff should also include the factual allegations that pertain to this claim, explaining why he believes that Donna Beamer violated his Fourth Amendment rights.

Finally, Plaintiff claims that Fla. Stat. § 429.28, the Resident's Bill of Rights, caused him to be falsely incarcerated for over a year. The Court, construing this claim liberally, understands this claim to refer to Plaintiff's commitment under the Baker Act. This claim additionally lacks factual allegations. For the Court to better determine whether Plaintiff states a claim, Plaintiff should include factual allegations in his amended complaint regarding the circumstances of his commitment under the Baker Act.

---

[3] Plaintiff is advised, however, that Section 1983 only supports claims against state actors. *See* 42 U.S.C. § 1983. If Plaintiff decides, in amending his Complaint, that his claim does not support a Thirteenth Amendment violation by a state actor, he may voluntarily dismiss this claim or omit it from his second amended complaint.

## IV. RECOMMENDATION

For the foregoing reasons, it is respectfully **RECOMMENDED** that:

1.  Plaintiff's claims for breach of contract against FACT and FACT staff (Beverly Brown, Antoynette Barker, Garrett Sloan, and Donna Beamer) should be **DISMISSED** for lack of subject matter jurisdiction.

2.  Defendants Antoynette Barker and Garrett Sloan should be **DISMISSED** from the case, as there are no remaining claims against these Defendants.

3.  The case should be recommitted to the undersigned for further proceedings.  Plaintiff will be instructed to develop the remaining constitutional claims for screening in his second amended complaint.

**IN CHAMBERS** at Gainesville, Florida this 10th day of May 2016.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge


### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**