IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

BOBBY LEE FAIR, JR.,

    Plaintiff,
v.                                                CASE NO. 5:16-cv-70-MW-GRJ

FLORIDA ASSERTIVE
COMMUNITY TREATMENT, et al.,

    Defendants.

_____/

## REPORT AND RECOMMENDATION

On March 3, 2016, Plaintiff filed a civil rights complaint pursuant to 42 U.S.C. § 1983 on the appropriate court-approved form for *pro se* litigants. (ECF No. 1.) Upon an initial screening of the complaint, the Court found that Plaintiff failed to plead the basis for both federal jurisdiction and the basis for his claims. The Court ordered Plaintiff to file an amended complaint. (ECF No. 5.)

Plaintiff complied, filing his first amended complaint on May 5, 2016. (ECF No. 10.) The Court, however, dismissed Plaintiff's claims regarding breach of contract for lack of subject matter jurisdiction and dismissed two of the defendants because Plaintiff no longer had a claim against them.

(ECF No. 14.) The Court provided Plaintiff another opportunity to amend his complaint as to his remaining claims alleging violations of the Thirteenth and Fourth Amendments and false imprisonment. (ECF No. 16.)

On July 1, 2016, Plaintiff filed an additional amended complaint, ECF No. 19, but the Court was unable to conduct an initial screening of the complaint pursuant to 28 U.S.C. § 1915(e) because the complaint was illegible. (ECF No. 20.) The Court, therefore, ordered Plaintiff to file a legible amended complaint on or before September 12, 2016, informing Plaintiff that failure to comply within the allotted time would result in a recommendation to the district judge that the case be dismissed for failure to prosecute and for failure to state a claim. (*Id.*)

Plaintiff failed to comply with the Court's order within the allotted time. Rather than dismissing the case, the Court ordered Plaintiff to show cause as to why the cause should not be dismissed for failure to comply with an order from the Court and for failure to prosecute. (ECF No. 21.) The Court again informed Plaintiff that failure to respond to the order within the allotted time—on or before October 19, 2016—would result in a recommendation to the district judge that the cause be dismissed for failure to comply and failure to prosecute. (*Id.*) As of the date of this Report and

Recommendation, Plaintiff has not filed an amended complaint.

A district court has the inherent authority to manage its own docket "to achieve the orderly and expeditious disposition of cases." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 42 (1991). The Court may dismiss a claim if the plaintiff fails to prosecute it or fails to comply with a court order. Fed. R. Civ. P. 41(b). "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Court." *Durham v. Fla. East Coast Ry. Co.*, 385 F.2d 366, 367 (5th Cir. 1967).

Plaintiff has failed to respond to the Court's orders. (ECF Nos. 20, 21.) His last filing with the Court was July 1, 2016, which was his illegible amended complaint. (ECF No. 19.) Further, Plaintiff failed to show cause as directed for his failure to file a legible amended complaint, despite advisement from the Court on multiple occasions that his cause would be dismissed otherwise. Thus, this case is due to be dismissed for failure to prosecute and failure to comply with an order of the Court.

Accordingly, it is respectfully **RECOMMENDED** that this case should be dismissed for failure to prosecute and failure to comply with an order of

*Case No: 5:16-cv-70-MW-GRJ*

the Court, and the case closed.

**IN CHAMBERS** this 26th day of October 2016.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**